UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID PAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:15-CV-055 JD |
| v. | ) |
| | ) |
| KATHERINE HUTCHINSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

David Payton, a *pro se* prisoner, filed an amended complaint (DE 7) alleging that he was refused medical treatment for H. pylori[1] at the Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

---

[1] "Helicobacter pylori (H. pylori) is a type of bacteria that causes infection in the stomach. It is found in about two-thirds of the world's population. It may be spread by unclean food and water, but researchers aren't sure. It causes Peptic ulcers and can also cause stomach cancer." MedlinePlus, U.S. National Library of Medicine, National Institutes of Health (May 7, 2015), http://www.nlm.nih.gov/medlineplus/helicobacterpyloriinfections.html

Here, Payton alleges that he reported to Nurse Katherine Hutchinson and Nurse Practitioner Katheryn Wallace in March 2013 and June 2014[2] that he was having severe stomach pain and dark black stools. He alleges that they refused to provide any treatment, called him a racial slur, and refused to refer him for treatment. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). These allegations sufficiently state claims that Nurse Katherine Hutchinson and Nurse Practitioner Katheryn Wallace denied him medical treatment for H. pylori in March 2013 and June 2014 in violation of the Eighth Amendment.

He also alleges that "[s]ince May of 2014, Mr. Payton complained to Dr. Liaw and Dr. Jackson and both doctor refused to provide medical treatment even after the Mr. Payton had been diagnosed with H-Pylori and the current treatment did not work." DE 7 at 5. Again, these allegations sufficiently state claims that Dr. Liaw and Dr. Jackson denied him medical treatment for H. pylori since May 2014 in violation of the Eighth Amendment.

Finally,[3] Payton names the Commissioner of the Indiana Department of Correction, but he does not explain how he has had any involvement with his medical care. It appears that the only

---

[2] Though he also alleges that he told them he had severe stomach pain in December 2012, any claim he might have had for a denial of medical treatment on that date is barred by the statute of limitation. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983.").

[3] In his original complaint, Payton named three other defendants (Mark Sevier, Indiana Department of Correction, and Corizon Medical Services) which he has not included in his amended complaint. They are not now defendants because "when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings . . .." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (citation omitted); *see also French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009).

2

reason he has been named is because he is in charge of the Indiana Department of Correction and Payton is in the custody of the Department. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983 and the Commissioner cannot be held liable for the actions of the employees or contractors of the Department. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

As a remedy, Payton seeks monetary compensation and injunctive relief. He did not file a separate motion for preliminary injunction, but it is obvious that he is asking for an order requiring that he be provided treatment for H-Pylori. "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (quotation marks and citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Moreover, "[a]n injunction, like any "enforcement action," may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court. *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007); *see also Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (vacating preliminary injunction because defendant had not been served)." *Maddox v. Wexford Health Sources, Inc*., 528 Fed. Appx. 669 (7th Cir. 2013). Here, there are not yet any defendants against whom to issue an injunction and even if there were, the complaint does not provide the court with sufficient information about the details of his medical condition and the treatment he has received to warrant a preliminary injunction. Though the request

3

for a preliminary injunction will be denied, the claims will proceed for compensatory damages and permanent injunctive relief.

For the foregoing reasons, the court:

(1) **GRANTS** David Payton leave to proceed against Nurse Katherine Hutchinson and Nurse Practitioner Katheryn Wallace in their individual capacities for compensatory damages for denying him medical treatment for H. pylori in March 2013 and June 2014 in violation of the Eighth Amendment;

(2) **GRANTS** David Payton leave to proceed against Dr. Liaw and Dr. Jackson in their individual capacities for compensatory damages for denying him medical treatment for H. pylori since May 2014 in violation of the Eighth Amendment;

(3) **GRANTS** David Payton leave to proceed against Nurse Katherine Hutchinson, Nurse Practitioner Katheryn Wallace, Dr. Liaw, and Dr. Jackson for injunctive relief for the treatment of H. pylori;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** the Commissioner of the Indiana Department of Correction;

(6) **DENIES** a preliminary injunction;

(7) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Nurse Katherine Hutchinson, Nurse Practitioner Katheryn Wallace, Dr. Liaw, and Dr. Jackson to the United States Marshals Service along with a copy of the complaint and this order;

(8) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Katherine Hutchinson, Nurse Practitioner Katheryn Wallace, Dr. Liaw, and Dr. Jackson; and

(9) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Katherine Hutchinson, Nurse Practitioner Katheryn Wallace, Dr. Liaw, and Dr. Jackson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May 12, 2015

              /s/ JON E. DEGUILIO
             Judge
             United States District Court